UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 15-20724-CIV-SEITZ/TURNOFF

TEDDI VAIRMA,

          Plaintiff,

vs.

CARNIVAL CORPORATION,

          Defendant.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

THIS MATTER is before the Court upon the Plaintiff's Motion for Rehearing or Reconsideration of Order Granting Motion for Partial Summary Judgment [DE-61]. The Order granted Defendant summary judgment on Plaintiff's claim for punitive damages because, taking all of the record evidence in the light most favorable to Plaintiff, Plaintiff did not show that Defendant's actions met the standard for imposing punitive damages. Specifically, Plaintiff was unable to s how that Defendant acted willfully, wantonly, or outrageously. Because Plaintiff has not met the standard for reconsideration,[1] her motion is denied.

Reconsideration of an order "is an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). There are three grounds for reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Id.* at 1369. Plaintiff does not argue that the law has changed or that new evidence has become

---

[1] Plaintiff's motion does not state that it is made pursuant to a particular Rule of Civil Procedure. Nor does the motion set out any standard that should be applied for reconsideration.

available. Thus, the Court will assume that Plaintiff maintains that the Court committed clear error in granting the partial summary judgment.

In order to demonstrate clear error, a plaintiff must do more than simply restate previous arguments. *Bautista v. Cruise Ships Catering & Service Intern'l, N.V.*, 350 F. Supp. 2d 987, 992 (S.D. Fla. 2003).

> It is an improper use of the motion to reconsider to ask the Court to rethink what the Court . . . already thought through – rightly or wrongly. . . . The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.

*Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (citations omitted and brackets omitted). Thus, a "motion for reconsideration cannot be used to re-litigate old matters, raise argument or present evidence that could have been raised prior to the entry of the [challenged order]. This prohibition includes new arguments that were previously available, but not pressed." *Wilchombe v. Teevee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal quotations and citations omitted).

Plaintiff has not met her burden. Plaintiff's motion is simply a re-argument of the arguments Plaintiff made at summary judgment. In part, Plaintiff appears to argue that her claim for punitive damages should go to trial because the Court previously held, at the motion to dismiss stage of this litigation, that punitive damages were an available remedy and that Plaintiff had adequately pled a claim for such damages. However, the standard for pleading a sufficient claim and the standard for avoiding summary judgment are significantly different. Summary judgment involves consideration of a fully developed factual record, while a motion to dismiss involves consideration of the allegations in the complaint in the light most favorable to the

plaintiff. Thus, the mere fact that Plaintiff successfully pled a claim for punitive damages does not mean that the record evidence supports that claim.

Furthermore, despite Plaintiff's insistence that Defendant acted with "flagrant disregard of passenger safety," Plaintiff's own expert testified that the area where Plaintiff fell met industry standards for slip resistance when dry and Plaintiff testified that the floor was dry when she fell. These facts alone establish that Plaintiff is not entitled to punitive damages.[2] Moreover, as set out in the Order Granting Motion for Partial Summary Judgment, the record evidence demonstrates that Defendant took steps to ensure that the floor remained safe. Simply because the steps were not the ones Plaintiff would have chosen does not demonstrate that Defendant's actions arises to "willful, wanton, or outrageous conduct." Accordingly, it is

ORDERED that Plaintiff's Motion for Rehearing or Reconsideration of Order Granting Motion for Partial Summary Judgment [DE-61] is DENIED.

DONE AND ORDERED in Miami, Florida, this 10th day of May, 2016.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record

---

[2]Based on these facts, it is possible that Plaintiff may have difficulty establishing her claim for negligence at trial. However, that issue is not currently before the Court.